PHILLIP A. TALBERT
United States Attorney
VERONICA M.A. ALEGRÍA
SHELLEY D. WEGER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  22-MJ-00001-DMC |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| SHERRI PAPINI, | |
| Defendant. | |

## PROTECTIVE ORDER

### A.    Protected Materials

1.      This Order pertains to all materials containing PII as defined below, other confidential third-party information, or attorney-client privileged materials (hereafter, "Protected Materials.")

2.      For purposes of the Protective Order, the term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

3.      To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.     Defense Team**

4.      For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

5.      For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

6.      Defense Counsel must provide copy of this Order to all members of the Defense Team and must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.  The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

**C.     Disclosure of Protected Materials**

7.      The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant herself.

8.      No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

9.      Defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure that defendant is never left alone with any Protected Materials.  Defendant may not copy, keep, maintain, or otherwise possess any of such

Protected Materials at any time.  Defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials.  Defendant may not take any Protected Materials out of the room in which she is meeting with the Defense Team. Defendant may not write down or memorialize any PII contained in the Protected Materials.  At the conclusion of any meeting with defendant, the member of the Defense Team present shall take with him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not she is incarcerated, except as provided below in Paragraphs 10 and 20.

10.     If, during the pendency of the case, defendant request a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that *all* PII and privileged materials contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 16.  If Defense Counsel provides a redacted copy to defendant subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has fully redacted PII and privileged materials from the Protected Materials and complied with this Order.  This written certification need not be disclosed or produced to the United States unless ordered by the Court.

11.     The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant.  Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the Protective Order.  No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

12.     This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

13.     Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government

may take action to resist or comply with such demands as it may deem appropriate.

**D.   Ensuring Security of Protected Materials**

14.     The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

15.     The Protected Materials not be stored in a place accessible by persons other than the Defense Team.  Copies may be stored on a disc as set forth in paragraph 16.

16.     If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**E.   Filings**

17.     In the event that a party needs to file Protected Materials containing PII, privileged material, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal or with all PII, as defined in Paragraph 11, or confidential materials, redacted.  The party seeking to file such information shall make all reasonable attempts to avoid the divulging of PII or confidential materials.

**F.   Conclusion of Prosecution**

18.     The provisions of this Order shall not terminate at the conclusion of this prosecution.  All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

19.     Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings or at the end of defense counsels' ethical obligation to maintain discovery in the file, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, or, if Defense Counsel seeks to maintain the Protected

1  Materials in the Defense Team's files beyond final disposition of the case, seek modification of this
2  provision from the Court.  If any Protected Materials are used as defense exhibits, they shall be
3  maintained with government exhibits so long as those are required to be maintained.

4  **G.  Termination or Substitution of Counsel**

5  20.  In the event that there is a substitution of counsel prior to final disposition of the case,
6  new counsel of record must join this Protective Order before any Protected Materials may be transferred
7  from the undersigned defense counsel to the new defense counsel.  New defense counsel then will
8  become Defense Counsel for purposes of this Protective Order, and become the Defense Team's
9  custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-
10 conviction proceedings, for complying with the provisions set forth in Paragraphs 18 and 19 above.  All
11 members of the Defense Team, whether current or past counsel, are at all times subject to the Protective
12 Order and are not relieved by termination of representation or conclusion of the prosecution

13 **H.  Modification of Order.**

14 21.  Nothing in this Order shall prevent any party from seeking modification of the Order or
15 from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent
16 any party from seeking a more restrictive protective order with regard to particular discovery items.

17 **I.  Notice That Violation of Order Could Result in Sanctions**

18 22.  Any person who willfully violates this Order may be held in contempt of court and may
19 be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not
20 expand or narrow the Court's contempt powers.

21 **J.  Application of Laws**

22 23.  Nothing in this Order shall be construed to affect or comment on the admissibility or
23 discoverability of the Protected Materials.

24 24.  Nothing in this Order shall be construed to affect the application of and the parties'
25 compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

26 //
27 //
28 //

1    IT IS SO STIPULATED.

2    Dated: March 14, 2022                              PHILLIP A. TALBERT
                                                        United States Attorney
3

4                                                       /s/ *Veronica M.A. Alegría*
                                                        VERONICA M.A. ALEGRÍA
5                                                       SHELLEY D. WEGER
                                                        Assistant United States Attorneys
6

7

8    Dated: March 14, 2022                              /s/ *Michael C. Borges*
                                                        MICHAEL C. BORGES
9                                                       Counsel for Defendant
                                                        SHERRI PAPINI
10

11

12

13                              **FINDINGS AND ORDER**

14       IT IS SO FOUND AND ORDERED.

15   Dated:  March 14, 2022

16

17

18   _____
     DEBORAH BARNES
19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28