PHILLIP A. TALBERT
United States Attorney
VERONICA M.A. ALEGRÍA
SHELLEY D. WEGER
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHERRI PAPINI,<br><br>Defendant. | CASE NO. 2:22-CR-0070 WBS<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: April 18, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## BACKGROUND

On April 12, 2022, the government filed an information charging defendant, SHERRI PAPINI, with violations of 18 U.S.C. § 1341 – mail fraud (Counts One through Thirty-Four), and 18 U.S.C. § 1001(a)(2) – making false statements (Count Thirty-Five). Also on that date, the government filed an executed plea agreement in which PAPINI agreed to plead guilty to Count Three, mail fraud in violation of 18 U.S.C. § 1341, and Count Thirty-Five, making false statements in violation of 18 U.S.C. § 1001(a)(2). The change of plea hearing is set for April 18, 2022.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

1  case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23
2  § 15002(b)(2).
3        On March 29, 2020, the Judicial Conference of the United States made the findings required by
4  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
5  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
6  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
7  functioning of the federal courts generally."
8        On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
9  required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
10  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
11  in person without seriously jeopardizing public health and safety."
12        In order to authorize felony pleas and felony sentencings by remote means, however, the CARES
13  Act—as implemented by General Order 620—also requires district courts in individual cases to "find,
14  for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
15  serious harm to the interests of justice." General Order 620 further requires that the defendant consent
16  to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless
17  "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by
18  teleconference. This General Order has been extended multiple times, most recently for a further 90
19  days on March 29, 2022, by General Order 649.
20        The parties hereby stipulate and agree that each of the requirements of the CARES Act and
21  General Order 620 have been satisfied in this case. They request that the Court enter an order making
22  the specific findings required by the CARES Act and General Order 620. Specifically, for the reasons
23  further set forth below, the parties agree that:
24        1) The felony plea hearing in this case cannot be further delayed without serious harm to the
25  interest of justice and given the public health restrictions on physical contact; and
26        2) The defendant waives her physical presence at the hearing and consents to remote
27  hearing by videoconferenceand counsel joins in that waiver.
28

STIPULATION REGARDING REMOTE HEARING     2

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. The Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested social distancing (maintaining a physical distance between persons of six or more feet) to potentially slow the spread of COVID-19.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020, and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. General Order Nos. 613, 614, 615, 616, 620, 621, 624, 632, 633, 634, 635, 640, 648, and 649 have also issued and made findings and implementing temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions. In particular, on March 29, 2022, General Order 649 issued, extending the findings of General Order 620, which authorized the use of videoconference and teleconference technology in felony pleas and felony sentencings under the CARES Act, for another 90 days unless terminated earlier. On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." However, General Order 620 authorize felony pleas and felony sentencings by video conference if the district court finds that the "felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice" and the defendant consents to the remote proceeding.

10. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11. The felony plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

//

//

12. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  April 15, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ *Veronica M.A. Alegría*
VERONICA M.A. ALEGRÍA
SHELLEY D. WEGER
Assistant U.S. Attorneys

Dated:  April 15, 2022

/s/ *William J. Portanova*
WILLIAM J. PORTANOVA
Counsel for Defendant
SHERRI PAPINI

### FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The felony plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived her physical presence at the hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 628, the felony plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED.

Dated:  April 15, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE